United States against Armstrong. Mr. Larson. Good afternoon, your honor. Mr. Larson, your face is almost invisible and that's because you're right in front of a bright window. Can you close the drapes? Yes.  that might help that better. Barely you should never have a background brighter than the foreground. I apologize. As I said, your face is almost invisible. Can you shut the drapes? Well, that is shut your honor. Well, it is what it is. Please proceed. Mr. Larson. Thank you. This case is a versus Korry Armstrong. This may be this one of the simplest factual cases that you run into today. Mr. Armstrong was a convicted felon was found in possession of a firearm. There was two arrest warrants out for him for other cases. Law enforcement came to hit to a place where they thought he was. He was in a garage or a pole building. They attempted to search serve those arrest warrants and he was arrested after a standoff during the standoff. He did the firearm. He had a possession which is a handgun went off and shot himself in the chest. He was taking the hospital where obviously he survived and eventually he was charged with felon in possession of a firearm. He presented with an offense level of 21 and a guideline range of 77 to 96 months. He pled guilty and went before judge shattered for sentencing. At sentencing the facts were not contested. It was simply what should his sentence have been. The government argued for the maximum sentence and counsel myself argued for a set guideline range. Which again was that 77 to 96 months the court gave him 106 months sentence and at his direction. I filed a notice of appeal and essentially arguing today that while the judge did go through and refer to some things for example, he talked about his mental health problems that was all he said was I know he has mental health problems and he had a troubled childhood. The judge did not go into detail about his troubled childhood nor the did he talk about any of the 12 paragraphs that refer to his mental health problems. I understand that at the end of the sentencing the judge asked if he had addressed all my arguments and I believe that he had but specific direction of my client. I filed a notice of appeal. And also counsel. Why isn't that statement a waiver? That's what the prosecutor contends. Sure. I had expected to see a reply brief with a response to that argument, but you chose not to file a reply brief. So this is your opportunity. Why isn't that a waiver? Essentially your honor what became clear after the sentencing was I believe that the judge had addressed all of my principal arguments and my client disagreed with me and that's why I filed a notice of appeal and made the arguments that my client has directed me to make which is that they don't believe I don't believe counsel that a client can direct a lawyer to make any arguments filing an Anders brief is always perfectly responsible filing frivolous arguments at the direction of one's client is not responsible. Your honor I will admit that this is a close case for an Anders brief and had the sentence been below or in the guidelines. I would have been 100% sure it was an Anders brief given that it was above the guideline. I thought it was questionable and I thought out of an abundance of caution I filed a regular brief. He had 40 criminal offenses did he not? He had I know the criminal history category points was 32 and as counsel points out that it included juvenile but he's 39 years old the guidelines don't intend to take into consideration his juvenile record. Mr. Larson, why wouldn't the district courts comments with everything in context including the 32 criminal history points the courts comments about the need to protect the public and that no sentence for all of these other convictions had previously deterred him and the concern for the likelihood of reoffending based on his criminal conduct and his history of violence. Why doesn't that say enough to sufficiently justify the slight upward departure in this case? Your honor because I think those are frankly stock terms the court uses on a regular basis. How can you say stock terms when he's referring to 32 criminal history points, which is a significant amount of criminal history points and saying no other sentence had previously deterred referring to his quote history of violence and unbroken criminal conduct that involves a number of firearms and weapon related offenses domestic abuse the violations of protection and the delivery of meth that sounds very individual specific to me not stock. Your honor. I understand that some of the information he gave was very specific. I just think that there was room to expand more on some of the items that I thought were I want to say glossed over but were passed over at sentencing. But what in the law requires the court to elaborate once the basis has been set forth for an upward departure or to justify whatever the sentence is. Your honor. I don't know. There's a specific requirement in the law. I think it's it's whatever the court determines is satisfactory. Explanation. So I'm about to run out of time, but I just believe the court should have expanded further on his history delve more into his mental health history and his upbringing and that's the end of my comments. Thank you. Thank you counsel. Mr. Kinstra. And please the court. Good morning. Your honors. My name is Jeff Kinstra and I represent the United States. The district court didn't commit any error in imposing a sentence here. First it adequately explained its sentence by reference to the 3553 factors and acknowledge the defendant's arguments in mitigation which included his difficult childhood and his mental health issues, but it found that those factors were outweighed by other considerations including the need to protect the public the defendant's criminal history as well as the nature of the offense. After offering that explanation the court asked defense counsel if it had addressed his arguments in mitigation and counsel said yes. Having declined any additional explanation before the district court the defendant can't argue on appeal that the court should have said more. In addition as Judge Easterbrook noted the defendant didn't file  response to waiver. All that remains then is a challenge to the substantive reasonableness of the sentence, which I don't I'm not sure if the defendant is making that argument, but in any event the district court acted well within its discretion. As your honors have noted the defendant had 32 criminal history points. So he could have had 19 fewer points and still had the exact same guideline range. His offense in this case was very serious as well. The guidelines only accounted for his own awful possession of a firearm not the fact that he possessed it while engaging in an armed confrontation or armed standoff with law enforcement officers, which is very dangerous. And the district court reasonably weighed those factors and finding that a slight upward variance which amounted to just over a one level variance was appropriate in this case. The court didn't abuse its broad discretion in reaching that that sentence. Unless your honors have any questions the government would stand on its grief and ask this court to affirm. Thank you. Thank you counsel. Anything further Mr. Larson? No, your honors. Thank you. The case is taken under advisement. Our next case for argument.